## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

GABLES RESIDENTIAL SERVICES, INC.,   *
   ISLAND CLUB,   *
   *
Plaintiff,   *
   *
v.   *      Civil Action No.  JKB-16-1904
   *
CHERICE HARRIS,   *
   *
Defendant.   *
   ***

### MEMORANDUM

On June 7, 2016, Cherice Harris ("Harris"), who is self-represented, filed notice to remove case number 20161001000007636, *Gables Residential/Island Club v. Cherice Harris and All Others*, from the District Court for Howard County, Maryland.  (ECF No. 1).   On June 22, 2016, Gables Residential Services, Inc. ("Gables") filed a Motion to Remand the case. (ECF No. 5).  Harris also filed a Motion for Leave to Proceed in Forma Pauperis (ECF No. 3), which will be granted based on information provided in her financial statement.  *Id.*

### BACKGROUND

Harris avers this court has jurisdiction over this case on the basis of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441(b), and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  (ECF No. 1 ¶¶ 2, 3, 4).

Gables provides the following information in the Motion to Remand. (ECF No. 5). Gables manages "Island Club," a residential apartment complex in Columbia, Maryland.  Harris moved into the apartment complex in April of 2016, renting premises located at 5357 Columbia

Road, #C, Columbia, MD, 21044.  Harris's security check bounced and she failed to pay rent for either April or May of 2016.  ECF No. 5.

On or about May 17, 2016, Gables filed a complaint against Harris in the District Court for possession of the premises and sought a monetary judgment against Harris.  Harris did not file an answer or counterclaim, but appeared at trial before the District Court on June 3, 2016. At trial, Harris consented to the District Court's entry of judgment for possession as well as to a money judgment for the April and May 2016 rent.  (ECF No. 5).

## DISCUSSION

Under 28 U.S.C § 1441(a), "a civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants."  The burden of demonstrating jurisdiction, and the propriety of removal, rests with the removing party. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815 (4th Cir. 2004).  "[F]ederal courts are courts of limited jurisdiction, [and] should construe removal statutes narrowly, [with] any doubts ... resolved in favor of state court jurisdiction." *Barbour v. Int'l Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) *abrogated in part on other grounds by* 28 U.S.C. § 1446(b)(2)(B). "[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006).  "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)); *see also Cohn v. Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

Harris's Notice of Removal generally states there is federal question jurisdiction here because "certain rights provided by the United States Constitution" were violated and she is raising a federal claim pursuant to 42 U.S.C. § 1983. (ECF 1 ¶ 2).   Harris, however, provides no grounds to assert a federal claim under 42 U.S.C. § 1983.  Gables argues no federal claim was raised in the state rent action.  (ECF No. 5).

Harris, the party invoking removal jurisdiction, bears the burden of showing removal is proper.  *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.").  "If federal jurisdiction is doubtful, a remand is necessary." *Id.*  "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself."  *Burgess v. Charlottesville Sav. and Loan Assoc.,* 477 F.2d 40, 43 (4th Cir. 1973).  Therefore, a complaint must contain allegations affirmatively and distinctly establishing federal grounds not in mere form, but in substance and not in mere assertion, but in essence and effect.  *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co.,* 252 U.S. 388, 397 (1920)).  "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit."  *Burgess,* 477 F.2d at 42 (citing *Malone v. Gardner,* 62 F.2d 15, 18 (4th Cir. 1932)).  Nor can removal jurisdiction be based on the court's supplemental jurisdiction under 28 U.S.C. § 1367.  *See Briddelle v. T & J Foods,* Inc., 18 F. Supp. 2d 611, 612 (D. Md. 1998); 14B Wright, Miller & Cooper, *Federal Practice & Procedure*: Jurisdiction § 3722 (4th Ed.).

In this case, the original complaint contains no allegations establishing federal jurisdiction under either federal-question or diversity jurisdiction statutes, 28 U.S.C. §§ 1331, 1332, and Harris's allegations in the notice of removal are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  In

the absence of grounds for federal jurisdiction as to Plaintiff's case, the court has no basis for exercising supplemental jurisdiction over any claims raised by Harris.

To the extent Harris seeks to appeal the state court judgment, her recourse is in the state courts.  "Under the Rooker-Feldman doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'"  *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231, 235 (4th Cir. 2013) (unpublished) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)).  Because Harris is effectively requesting this Court to review the state court's judgments, the court finds this action is barred by the Rooker-Feldman doctrine.

## CONCLUSION

Accordingly, the court will grant the Motion to Remand.  A separate Order follows.


July 25, 2016                                      _____/s/_____
Date                                               James K. Bredar
                                                   United States District Judge